UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| FRED HAYWOOD, | ) |
| Petitioner, | ) Case No. 7:20-cv-055-HRW |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| WARDEN OF USP-BIG SANDY, | ) **AND ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Fred Haywood is a federal prisoner currently confined at the United States Penitentiary ("USP")-Big Sandy located in Inez, Kentucky. Proceeding without counsel, Haywood has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges the imposition of disciplinary sanctions against him. [D.E. No. 1, 6] Although Haywood did not pay the $5.00 filing fee at the time that he filed his petition (as is required), he has now paid the filing fee. [D.E. No. 7]

This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). In his petition, Haywood challenges the factual findings made by a Disciplinary Hearing Officer ("DHO") presiding over a disciplinary proceeding. Specifically, Haywood challenges the credibility of the evidence relied upon by the

1

DHO and claims that the DHO ignored evidence presented by Haywood. Haywood's claims are presented with no factual context, as he fails to provide the Court with any information regarding the basis for the disciplinary proceedings against him. Nor does he attach any documentation related to his claims, such as the relevant Incident Report or the DHO's written decision, which would provide the Court with some basic factual background regarding his claims. Although the Court has an obligation to liberally construe a petition filed by a person proceeding without counsel, "liberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)). *See also Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation.").

It is the petitioner's burden to establish that he is entitled to habeas relief and Haywood's submissions fail to adequately articulate either the factual basis for his claims or describe the grounds for his claim to relief. Haywood's failure to provide even the basic facts regarding the incident giving rise to the disciplinary hearing and the disciplinary hearing itself is a particularly notable deficiency, as this case is Haywood's second attempt to file a § 2241 petition related to these disciplinary proceedings. *See Haywood v. Warden, USP Big Sandy*, No. 7:20-cv-049-WOB (E.D. Ky. 2020). In his Order dismissing Haywood's prior petition, Judge

Bertelsman found that "Haywood has not clearly articulated his allegations, the nature of his claims, or the relief that he is seeking," explaining that "Haywood does not explain, in a clear way, the allegations lodged against him, what actually happened during his disciplinary hearing, and what specific penalties were imposed." *Id.* at D.E. No. 5, p. 1. Haywood was specifically advised that, if he chose to file a new action regarding this matter, he must "more clearly articulate his factual allegations and the nature of his claims." *Id*. at p. 2. Haywood failed to heed this advice.

Instead, Haywood has again filed a § 2241 petition that, even if construed broadly, fails to identify a due process violation that would give rise to a valid claim for habeas relief. When a prison disciplinary board takes action that results in the loss of good time credits in which the prisoner has a vested liberty interest, the Due Process Clause requires prison officials to observe certain protections for the prisoner. Specifically, the prisoner is entitled to advanced notice of the charges, the opportunity to present evidence in his or her defense, whether through live testimony or documents, and a written decision explaining the grounds used to determine guilt or innocence of the offense. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Further, the board's findings used as a basis to revoke good time credits must be supported by some evidence in the record. *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

Haywood's petition does not allege that any of these requirements were not met. Haywood does not claim that he was not provided with a written decision explaining the grounds used to determine his guilt or innocence. In addition, while he claims that the Incident Report erroneously indicated that it was provided to Haywood a month before the incident occurred, he concedes that this was a typographical error. He does not allege that he suffered any prejudice from the typographical error, but rather claims that the mistake violates his due process rights because the staff should be expected to "follow the rules." However, due process does not require that the Incident Report be free from typographical error, it only requires that he be provided with a copy of it prior to the disciplinary hearing. As he does not claim that he was not given a copy of the Incident Report prior to the disciplinary hearing, he fails to identify a due process violation related to the Incident Report.

Nor does Haywood allege that he was not provided with the opportunity to present evidence in his defense. Rather, he states that he submitted his evidence to the DHO, but the DHO ignored the evidence he presented in violation of Bureau of Prisons ("BOP") Program Statement ("P.S.") 5270.09, which states that the DHO should consider "all evidence." [D.E. No. 1] However, to the extent that Haywood claims that the DHO violated the BOP Program Statement, "[p]rison regulations are primarily designed to guide correctional officials in the administration of a prison.

4

[They are] not designed to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, "a failure to adhere to administrative regulations does not equate to a constitutional violation." *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) (citing *Davis v. Scherer*, 468 U.S. 183, 194 (1984)). Cf. *Farrakhan-Muhammad v. Fox*, No. 16-CV-2272-PAB, 2018 WL 637460, at *6 (D. Colo. Jan. 31, 2018) ("...even if prison officials deviated from BOP regulations in the administration of Applicant's mental health evaluation, the Court cannot conclude that he was denied due process based solely on the failure to follow particular federal regulations and directives.").

Regardless, Haywood's claim is not that he was not allowed to present evidence on his behalf (which is required by due process), but is instead based on his conclusion that the DHO ignored the evidence that he presented. However, in *Hill*, the United States Supreme Court explained that "[a]scertaining whether [the "some evidence"] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Thus, this Court should neither re-evaluate the credibility of the evidence presented by Haywood, nor re-weigh it against the evidence introduced against him.

For similar reasons, Haywood's challenges to the validity of the evidence apparently relied upon by the DHO fails to allege a due process violation. To be clear, at no point does Haywood argue that the DHO's decision was not supported by some evidence. Rather, he disagrees with the reliability and credibility of the evidence relied upon, arguing that the Incident Report was "impossible" as written, pointing out alleged inconsistencies in the Incident Report, and challenging the reliability of the results of a breathalyzer test that was apparently relied upon by the DHO in making his or her findings, stating that "the officer did not state when the breathalyzer was recalibrated," and disputing the officer's ability to test 120 inmates who were all locked down in 20 minutes. [D.E. No. 1, 6][1] However, "a district court's role in reviewing a disciplinary conviction is extremely limited." *Stell v. U.S. Bureau of Prisons*, No. 7:08-CV-150-KKC, 2008 WL 4758664, at \*2 (E.D. Ky. Oct. 28, 2008). Again, in ascertaining whether there is some evidence to support the decision of the DHO, the Court does not independently assess the credibility of witnesses or weigh the evidence, but only examines whether there is "some evidence" in the record to support the DHO's decision, a very lenient standard. *Hill*, 472 U.S. at 455-56. Indeed, "the Court has no authority under the guise of due

---

[1] Again, no factual context is provided for the incident giving rise to the Incident Report and/or the disciplinary hearing. In light of Haywood's reference to a breathalyzer test, presumably it related to the use of illicit substances, but this is not specified in Haywood's petition.

6

process to review the resolution of factual disputes in a disciplinary decision; a district court merely ensures that the disciplinary decision is not arbitrary and does have evidentiary support." *Stell*, 2008 WL 4758664 at *2. Because Haywood does not argue that the DHO's decision was not supported by some evidence, but instead challenges the credibility of the evidence the DHO relied upon, his claims are not viable in his § 2241 petition. *See Amerson v. Samuels*, No. CIV.A. 04-CV-577-KKC, 2005 WL 1223427, at *5 (E.D. Ky. May 20, 2005).

For all of these reasons, the Court finds that Haywood's § 2241 petition fails to adequately identify any potential violation of his due process rights. However, the Court is again handicapped by Haywood's failure to provide the factual basis for his claims, including the DHO's written decision, which is Haywood's burden. Thus, while the Court will deny Haywood's petition for failure to identify valid grounds for relief, it will do so without prejudice.

Accordingly, it is hereby **ORDERED** as follows:

1. Haywood's petition for a writ of habeas corpus [D.E. No. 1, 6] is **DENIED WITHOUT PREJUDICE**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the Court's docket.

This 27th day of July, 2020.



Signed By:
<u>Henry R Wilhoit Jr.</u>
**United States District Judge**